People v Spencer (2024 NY Slip Op 00813)

People v Spencer

2024 NY Slip Op 00813

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Ind. No. 2620/17 Appeal No. 1678 Case No. 2019-04631 

[*1]The People of the State of New York, Respondent,
v
Antwan Spencer, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paris C. DeYoung of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered June 4, 2019, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and assault in the first degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously affirmed.
Defendant's claim that his guilty plea was involuntary because the court's comments about the viability of his justification defense coerced him into pleading guilty is unpreserved, as it was not the basis for his request to withdraw his plea, and we decline to address it in the interest of justice. As an alternative holding we find that the court's remarks were not coercive. The court's analytical and balanced comments, made the day before the plea proceeding, concerned the viability of defendant's justification defense in light of a surveillance video of the incident. The court took pains to direct counsel to conduct his own research and discuss the justification defense with defendant (see People v Wilson, 172 AD3d 413, 413-414 [1st Dept 2019], lv denied 34 NY3d 955 [2019]). The court did not deviate from its role as a neutral arbiter by commenting on the defense (see People v Towns, 33 NY3d 326, 330-331 [2019]).
Defendant's contention that his guilty plea was rendered involuntary by his counsel's misstatements regarding his maximum sentencing exposure involves matters dehors the record and, thus, is unreviewable on this appeal (see People v Smitherman, 255 AD2d 224 [1st Dept 1998], lv denied 92 NY2d 1054 [1999]). To the extent the record permits review, defendant's claims of ineffective assistance are unsupported, and provides no basis to remit the matter for assignment of new counsel to litigate his plea withdrawal claims.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. The combination of the court's oral colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver. In any event, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024